IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADAM GRAHAM AND GINA GRAHAM, <br><br> Plaintiffs, <br><br> v. <br><br> DMG MORI USA, INC., <br><br> Defendant. | : <br> : <br> : Civil Action No. <br> : <br> : <br> : <br> : <br> : <br> : <br> : <u>Jury Demand</u> <br> : <br> : <br> : <br> : |

## **NOTICE OF REMOVAL**

**TO THE CLERK OF THE ABOVE-TITLED COURT:**

PLEASE TAKE NOTICE THAT the Defendant, DMG MORI USA, Inc. invokes the diversity jurisdiction of this Honorable Court on the following grounds:

1. On September 12, 2019, Plaintiffs, Adam Graham and Gina Graham filed an Amended Complaint in the Court of Common Pleas of Venango County, Pennsylvania in which DMG MORI USA, Inc. is the named Defendant therein. A copy of the Amended Complaint is attached hereto as **Exhibit A**.

2. This state court action is pending before the Court of Common Pleas of Venango County, Pennsylvania at Civil Action No. 2019-751, which lies within this Honorable Court's District.

3. On September 24, 2019, an Acceptance of Service was executed by the undersigned on behalf of DMG MORI USA, Inc. and returned to Plaintiffs' counsel.

4. Thus, this removal is timely under 28 U.S.C. § 1446(b).

1

**REMOVAL JURISDICTION**

5. 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

6. 28 U.S.C. § 1441(b) permits removal solely on the basis of 28 U.S.C. § 1332(a), namely diversity jurisdiction.

7. 28 U.S.C. § 1332(a) sets forth the basic requirements for proper diversity jurisdiction; in particular, there must be (1) complete diversity of citizenship between the parties and (2) the amount in controversy must exceed $75,000.  See also, *Grosch v. International Chapter of Horseshoers and Equine Trades, Local 947*, 200 F.Supp. 3d 484, 489 (M.D.Pa. 2016) ("Generally speaking, diversity jurisdiction exists where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states").

8. In deciding whether the removal court has jurisdiction over an action, the court should "focus on the plaintiff's complaint at the time the petition for removal was filed and assume all factual allegations therein are true." *Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3rd Cir. 1987).

9. However, courts are well within their authority "to look to material outside the pleadings, including documents appended to a notice of removal" when a defendant removes a case based on diversity of citizenship. *Grosch v. International Chapter of Horseshoers and Equine Trades, Local 947*, 200 F.Supp. 3d 484, 491 (M.D.Pa. 2016); See also, *Land v. Dollar*, 330 U.S. 731, 735 n. 4 (1947) (noting that when a question of a district court's jurisdiction is raised "the court may inquire by affidavits or otherwise into the facts as they exist.").

10. Indeed, it is proper to permit removal based on the notice of removal in instances where the Complaint fails to plead diversity. *Kerstetter v. Ohio Cas. Ins. Co.*, 496 F.Supp. 1305, 1307 (E.D. Pa. 1980) citing to *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252 (5th Cir. 1961); *Wright v. Continental Casualty Co.*, 456 F.Supp. 1075 (M.D. Fla. 1978); *Fay v. American Cystoscope Makers, Inc.*, 98 F.Supp. 278 (S.D.N.Y. 1951).

### A.     **Diversity of Citizenship**

11. 28 U.S.C. § 1332(a) provides district courts with "original jurisdiction of all civil actions where the matter in controversy . . . is between citizens of different States".

12. The primary focus, in terms of a corporation's citizenship, will be on *the* principal place of business of the corporation and not where it may have offices or conduct business. See, *Waste Management, Inc. v. Arnoni*, 2006 WL 3231934, at *4 (W.D. Pa. 2006) ("A corporation may have offices and do business in numerous states, perhaps even all of them, but it is not a citizen of every state in which it does business; to the contrary, a corporation has only one principal place of business for purposes of establishing diversity jurisdiction."); *Kelly v. U.S. Steel Corp.*, 284 F.2d 850 (3rd Cir. 1960) (a corporation may have "literally dozens of important places of business one of which we must pick out as the principal one because the statute says so.").

13. Plaintiffs, Adam Graham and his wife Gina Graham, maintain their domicile at 117 East 6th Street, Oil City, Venango County, Pennsylvania 16301. See, **Exhibit A** at ¶ 1.

14. Plaintiffs are and were, at all times relevant hereto, citizens of Pennsylvania.

15. Defendant, DMG MORI USA, Inc., is a business entity with its headquarters located in Illinois. See, **Exhibit A** at ¶ 2. A copy of the business entity details filed with Pennsylvania's Department of State is attached hereto as **Exhibit B**, noting Illinois as the state of incorporation.

16.     Defendant, DMG MORI USA, Inc.'s principal place of business is and was, at all relevant times hereto, located in Illinois.

17.     Accordingly, and in harmony with the requirements of 28 U.S.C. § 1332(a), there exists diversity of citizenship between all parties to this matter and, on the basis of diversity of citizenship, removal is appropriate. 28 U.S.C. §§ 1441, 1332.

### B.     Amount in Controversy

18.     28 U.S.C. § 1332(a) provides district courts with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . ."

19.     The general "federal rule is to decide the amount in controversy from the complaint itself." *Angus v. Shiley Inc.*, 989 F.2d 145, 146 (3rd Cir. 1993) citing to *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353 (1961).

20.     The "amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the right being litigated". *Id.*

21.     In their Amended Complaint, it is alleged that on May 11, 2018 Plaintiff, Adam Graham, was working at his place of employment in Franklin, PA. See, **Exhibit A** at ¶ 4.

22.     While at his place of employment, it is further alleged that Mr. Graham was operating a fabricating machine, manufactured by Defendant, in order to fabricate a metal component part. **Id.**

23.     During his operation of the machine, Mr. Graham is alleged to have suffered "severe and serious injuries, including, but not limited to, his right-hand index finger being torn/amputated from his right hand . . . and including lacerations, contusions, and other physical

injuries to the same right hand, and mental anguish resulting from the same incident." See, **Exhibit A** at ¶ 5.

24. Plaintiff, Adam Graham, alleges a negligence claim in Count I of their Amended Complaint against Defendant. **Exhibit A**.

25. In addition to those injuries previously mentioned, Plaintiffs allege that Mr. Graham has been compelled to "expend monies for medical aid, medicines, and the like." **Id**. at ¶ 12.

26. Moreover, it is further alleged that Mr. Graham "has suffered and/or continues to suffer and/or may, in the future, suffer a loss of earnings and his earning power has been and/or may be diminished and lessened." **Id**. at ¶ 13.

27. With respect to Count I, Plaintiff alleges damages "in a sum in excess of $35,000, exclusive of interest and punitive damages." **Exhibit A**.

28. Plaintiff, Adam Graham alleges a breach of warranty claim in Count II of his Amended Complaint against Defendant. **Id**.

29. Plaintiff reasserts his prior factual allegations regarding damages but with regard to Count II. **Id** at ¶¶ 14-15.

30. With respect to Count II, Plaintiff alleges damages "in a sum in excess of $35,000, exclusive of interest and punitive damages." **Exhibit A**.

31. Plaintiff, Adam Graham alleges a strict liability claim in Count III of their Amended Complaint against Defendant. **Id**.

32. Plaintiff reasserts his prior factual allegations regarding damages but with regard to Count III. Id. at ¶¶ 18-19.

33. With respect to Count III, Plaintiff alleges damages "in a sum in excess of $35,000, exclusive of interest and punitive damages." **Exhibit A**.

34. Plaintiff, Gina Graham, alleges a loss of consortium claim in Count IV of the Amended Complaint against Defendant. **Id**.

35. It is alleged that Plaintiffs Adam and Gina Graham were married at the time of the incident and continue to be married. **Id**. at ¶ 24.

36. It is alleged that as a result of the claimed "wrongful and negligent acts of the Defendant", Mrs. Graham "was caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of her marital relationship." **Id**. at ¶ 25.

37. Plaintiff reasserts the prior factual allegations regarding damages but with regard to Count IV. **Id**. at ¶ 26.

38. With respect to Count IV, Plaintiff alleges damages "in a sum in excess of $35,000, exclusive of interest and punitive damages." See, **Exhibit A**.

39. Accordingly, and based on the averments contained within the Amended Complaint in this matter, the amount in controversy meets the jurisdictional requirement of a value exceeding the "sum or value of $75,000" as required by 28 U.S.C. § 1332(a).

**WHEREFORE**, Defendant, DMG MORI USA, Inc., invokes the diversity jurisdiction of this Honorable Court pursuant to 28 U.S.C. §§ 1441 and 1332, having met the jurisdiction requirements of (1) complete diversity of citizenship between the parties and (2) an amount in controversy exceeding $75,000 and, therefore, respectfully requests that this action be removed from the Court of Common Pleas of Venango County, Pennsylvania to the United States District Court for the Western District of Pennsylvania.

**LITCHFIELD CAVO LLP**

By: /s/ Trisha A. Gill
    Trisha A. Gill, Esquire
    Christopher M. Moreland, Esquire
    Attorneys for Defendant,
    DMG MORI USA, Inc.

Dated: September 24, 2019

## **CERTIFICATE OF SERVICE**

I, Trisha A. Gill, Esquire, do hereby certify that on September 24, 2019 I have served a true and correct copy of the Notice of Removal, upon all counsel of record by United States Postal Service First Class Mail, postage prepaid, as follows:

>Jason D. Reagle, Esquire
**Shaffer Law Firm, P.C.**
212 West Central Avenue
Titusville, PA 16354

>**LITCHFIELD CAVO LLP**

>By:/s/ Trisha A. Gill
  Trisha A. Gill, Esquire
  Christopher M. Moreland, Esquire
  Attorneys for Defendant,
  DMG MORI USA, Inc.

Dated: September 24, 2019